*751 The opinion of the Court was delivered by
Pociié, J.
This is an appeal from a sentence of ten dollars fine and, in default, to an imprisonment of twenty-four hours, and it involves the legality of Ordinance No. 7668, Administration Series, of New Orleans, which defendant admits to have violated, by selling potatoes within the prescribed limits and hours, and which reads as follows:
“Be it ordained, That Section 24 of Ordinance No. 6784, be amended and re-enacted, so as to read as follows :
“That n.o person shall be permitted or allowed to sell from any lugger, pirogue, flatboat, or other small craft, landing or lying between the lower line of St. Ann street, and the upper line of Esplanade street, during market hours, any fruits, vegetables, or other articles of food usually sold in the public markets, without paying to the Administrator of Commerce, or the market lessee or lessees, the sum of one dollar per day, for evéry day they are so selling; and any person violating the provision of this Ordinance, and this Section, upon being found guilty thereof, before the recorder, or police magistrate, having jurisdiction, shall be fined in a sum.not less than ten dollars, nor more than twenty dollars, or imprisoned for a term not to exceed ten days.”
Among other errors charged by the defendant, he urges that under the laws of the State and under its charter, the City of New Orleans has no power to enforce the collection of its revenues by fine or imprisonment.
The defense involves the proper construction of the ordinance under which the defendant has been prosecuted and condemned to pay a fine, or to be imprisoned.
The ordinance does not make it an absolutely penal offense to sell potatoes within the prescribed limits, but the penalty attaches to the party who carries on that trade without first paying the sum of one dollar a day for every day on which he may sell. Hence, it is clear that the Act in itself is not prohibited, but, on the contrary, it is specifically authorized on the condition stipulated in the ordinance. It is, therefore, impossible to escape the conclusion that the ordinance is framed with the evident intent and object of raising a revenue, and that it cannot be tortured or explained out of its true and unambiguous meaning, so as to be construed as an ordinance depending upon the police power of the City.
In the ease of the State vs. A. Manessier, Opinion Book No. 53, p. 237, we had occasion to construe and pass upon a similar ordinance, and we held that it was illegal and could not be enforced.
In that case the defendant was prosecuted for selling ice-cream without paying the required license, and he had been sentenced under *752 an ordinance providing a penalty by fine or imprisonment, against persons following that trade without paying their license.
We then held that the only power of inflicting fine or imprisonment conferred to the City of New Orleans, “ was for the punishment of transgressions of police regulations,” and that such power could not he extended to ■“violations of ordinances looking to the raising a revenue for the City.”
A similar ruling was made in the case of Municipality No. 1 vs. Pance, 6 An. 515.
We see no feature in this case differing from these two cases, and we must hold that part of the ordinance which provides a penalty by flue or imprisonment for its infraction, as illegal, null and void.
We abstain from any expression of opinion on the other defenses urged by the defendant, involving the right of the City to exact the payment of dues or license for the privilege of following this particular trade within the limits prescribed in the ordinance.
It is, therefore, ordered, adjudged and decreed, that the sentence of the Recorder’s Court be annulled, avoided and reversed, that the prosecution against John Patamia be dismissed, and that he he discharged from arrest and custody.
Bermudez, C. J., concurs iu the decree.
Levy, J., absent.